IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRYAN A. HAMPTON,                                No. 3:17-cv-01070-TC

        Plaintiff,                           ORDER

    v.

RICHARD IVES, WARDEN,

        Defendant.


HERNÁNDEZ, District Judge:

    Magistrate Judge Coffin issued a Findings and Recommendation [9] on January 16, 2018, in which he recommends that the Court deny Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and dismiss this case for lack of jurisdiction. The mater is now before me pursuant to 28 U.S.C. § 636(1)(B) and Federal Rule of Civil Procedure 72(b).

    Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, I am relieved of my obligation to review the record *de novo*. *United States v.*

1 - ORDER

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988) (*de novo* review required only for portions of Magistrate Judge's report to which objections have been made). As stated in the F&R, to the extent that Petitioner requests relief from the Bureau of Prison's individualized determination that he was ineligible for a sentence reduction, this Court lacks jurisdiction over his claim. Further, to the extent that Petitioner alleges that the Bureau of Prison's regulation 28 C.F.R. § 550.55(b)(5)(iii) is unconstitutional under *Johnson v. United States*, 135 S.Ct. 2551 (2015), this argument fails. As "the BOP's internal regulation is neither a criminal statute nor a civil penalty statute, . . . [it] does not proscribe or limit a citizen's conduct at all" and "cannot be unconstitutionally vague." *Kuban v. Snyder-Norris*, Civil No. 16-52-HRW, 2017 WL 2609037, at *3 (E.D. Ky. June 15, 2017) (citing *Gonzales v. Carhart*, 550 U.S. 124, 148–49 (2007) ("As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.")). Accordingly, having reviewed the legal principles *de novo*, I find no error.

///
///
///
///
///
///
///
///
///

## CONCLUSION

The Court adopts Magistrate Judge Coffin's Findings and Recommendation [9]. Accordingly, Petitioner's Motion pursuant to 28 U.S.C. § 2241 [1] is DENIED and this case is dismissed. Because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), the Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 25 day of March, 2018

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

3 - ORDER